**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-446 C
(Filed May 26, 2015)

**FILED**
MAY 26 2015
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| B. MICHELLE BUSH, | ) |
|           Plaintiff, | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
|           Defendant. | ) |

## ORDER

On May 1, 2015, plaintiff, Michelle Bush, pro se, filed a handwritten document comprising her claim "under 28 U.S.C.A. § 1491 et seq." The document provided that the claim was against: (1) The Social Security Administration; (2) U.S. Department of Education; (3) U.S. FMS Treasury; (4) U.S. HHS; (5) U.S. CMS; (6) U.S. Contractors; (7) Bank of America; and (8) W. C. Smith & Co.

Pursuant to Rules of the Court of Federal Claims ("RCFC") 10(a) the United States was listed as the defendant in the court's docket. Plaintiff subsequently requested the clerk to list the above-cited individual agencies as defendants and the clerk has forwarded the request to chambers for instructions.

The United States Court of Federal Claims is a court of limited jurisdiction and is obligated, as a threshold matter, to ensure that it has jurisdiction to hear a case presented to it. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004); *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004); *Nickerson v. United States*, 35 Fed. Cl. 581, 586 (1996), *aff'd*, 113 F.3d 1255 (Fed. Cir. 1997).

The Tucker Act is the primary source of the court's jurisdiction. *See* 28 U.S.C. § 1491; *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). This Act defines Court of Federal Claims subject matter jurisdiction by providing that the court is afforded jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United

States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

While the Tucker Act waives sovereign immunity so that a plaintiff may sue the United States for money damages, *United States v. Mitchell*, 463 U.S. 206, 212 (1983), the Act does not create a substantive cause of action. *United States v. Testan*, 424 U.S. 392, 398 (1976). A plaintiff "must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The test is whether the separate source of substantive law "can fairly be interpreted as mandating compensation by the Federal Government." *Mitchell* at 216-17.

A careful search of the document filed as plaintiff's complaint does not identify any source of substantive law that could create a right to recover money damages against the United States within the jurisdiction afforded to the Court of Federal Claims.

Initially, it must be noted that the clerk was correct in listing the United States as the defendant in this action. The Court of Federal Claims has not been afforded jurisdiction to address claims asserted by plaintiffs against individual federal agencies, officers, or private parties. *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Pikulin v. U.S.*, 97 Fed. Cl. 71, 75 (2011); RCFC 10(a).

Plaintiff's complaint makes reference to "False Imprisonment." However, an attachment to the complaint states that "[t]he United States Attorney for the District of Maryland hereby dismisses the Indictment pending against the defendant in the above-captioned case." *See* Order for Dismissal, dated June 3, 2011. Plaintiff's complaint does not plead that she was unjustly convicted of an offense against the United States. Absent a conviction and a subsequent reversal or pardon, plaintiff has not pleaded a claim within the court's jurisdiction to enter a money judgment pursuant to 28 U.S.C. §§ 1495, 2513.

Plaintiff's complaint also references Social Security disability benefits. The Court of Federal Claims has no jurisdiction, under the Tucker Act, over claims for Social Security benefits. *Marcus v. U.S.*, 909 F.2d 1470, 1471 (Fed. Cir. 1990).

In her complaint, plaintiff also references criminal code and Civil Rights Act violations. The Court of Federal Claims has not been afforded jurisdiction over such matters. *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *Coleman v.*

*United States*, 116 Fed. Cl. 461, 471 (2014); *Wagstaff v. United States*, 105 Fed. Cl. 99, 109 (2012); *May v. United States*, 104 Fed. Cl. 278, 284 (2012), *aff'd*, 534 Fed. Appx. 930 (Fed. Cir. 2013).

An attachment to plaintiff's complaint, a letter, dated May 22, 2001, from the Executive Office of the President, Office of Management and Budget, references plaintiff's assertion of a Privacy Act, 5 U.S.C. § 552a(g), violation. The Court of Federal Claims has not been afforded jurisdiction to adjudicate Privacy Act claims. *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010); *Snowton v. United States*, 216 Fed. Appx. 981, 983 (Fed. Cir. 2007).

Accordingly, in the circumstance where plaintiff fails to set forth any matters where the Court of Federal Claims has been afforded jurisdiction to adjudicate a claim, the court is required to dismiss the complaint. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).[1]

Accordingly, it is **ORDERED** that:

(1) The fee for filing plaintiff's complaint is waived solely for the purpose of filing the present documents regarding subject matter jurisdiction;
(2) Plaintiff's pending tendered submissions shall be filed by leave of court; and
(3) Lacking Court of Federal Claims subject matter jurisdiction over all matters referenced by plaintiff, the complaint shall be **DISMISSED.**

James F. Merow
Senior Judge

---

[1] Because the Federal District Courts have exclusive jurisdiction certain over subject matter such as Social Security benefits, transfer pursuant to 28 U.S.C. § 1631 was considered. However, a review of PACER Public Access to Court Electronic Records disclosed that plaintiff has filed over 200 cases in the Federal Courts, some apparently addressing Social Security matters. It was concluded that it would not be in the interest of justice to transfer this case. *Treece* at 233.